# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DONNA E. TRAYLOR,
> Appellant,

DOCKET NUMBER
DA-1221-17-0216-W-1

v.

OFFICE OF SPECIAL COUNSEL,
> Agency.

DATE: February 28, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Donna E. Traylor, Lawton, Oklahoma, pro se.

Amy Beckett, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction her individual right of action (IRA) appeal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

The appellant, an employee of the Department of the Army (Army), filed an IRA appeal alleging that, in reprisal for her whistleblowing disclosures about the Army, the Office of Special Counsel (OSC) failed to investigate her complaint of whistleblower reprisal by her employing agency. Initial Appeal File (IAF), Tab 1 at 3; Tab 7 at 5-6. On the section of the appeal form requiring the appellant to indicate the personnel action or decision that she was appealing, she indicated that she was appealing OSC's "[d]ecision to take action on [a]ct of [r]eprisal for a whistleblower complaint." IAF, Tab 1 at 3, 11-12.

The administrative judge issued an order to show cause, which set forth the requirements for establishing jurisdiction over an IRA appeal. IAF, Tab 3 at 2-8. The appellant submitted two responses to the jurisdictional order. IAF, Tabs 7-8. OSC responded by arguing, inter alia, that the appellant was never employed by OSC and failed to make nonfrivolous allegations that the matters she raised on appeal constituted personnel actions defined by 5 U.S.C. § 2302(a). IAF, Tab 9 at 6.

After receiving the parties' responses, the administrative judge issued an initial decision that dismissed the appeal for lack of jurisdiction without holding

the hearing requested by the appellant. IAF, Tab 13, Initial Decision (ID) at 1. The administrative judge found that the appellant failed to nonfrivolously allege that OSC had taken or failed to take a personnel action under 5 U.S.C. § 2302(a). ID at 4. In reaching her decision, the administrative judge found that OSC's failure to resolve the appellant's claims of whistleblower retaliation was not a "personnel action" under 5 U.S.C. § 2302(a)(2)(A). ID at 4. The administrative judge also found that it was beyond the Board's purview to review the appellant's allegation that OSC failed to comply with its statutory obligations under 5 U.S.C. § 1212.[2] ID at 5.

The appellant has filed a timely petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a response to the petition for review. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). The Board has jurisdiction over an IRA appeal if the appellant exhausts her administrative remedies before OSC and makes nonfrivolous allegations that: (1) she made a disclosure described under 5 U.S.C. § 2302(b)(8), or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a). 5 U.S.C. §§ 1214(a)(3), 1221(e)(1); *Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371

---

[2] The appellant alleged that OSC did not comply with its statutory obligation under 5 U.S.C. § 1213, by failing to take action on her complaint. IAF, Tab 7 at 6-7. The administrative judge, however, correctly found that the Board lacked the authority to review the appellant's allegation that OSC failed to comply with 5 U.S.C. § 1212, which sets forth OSC's powers and functions concerning receiving and investigating allegations of prohibited personnel practices and to review and forward specified disclosures of violations to the Attorney General or an agency head under 5 U.S.C. § 1213. *See* 5 U.S.C. § 1212(a)(2)-(3).

(Fed. Cir. 2001). For the reasons discussed below, we agree with the administrative judge that the Board lacks jurisdiction over this appeal because the appellant failed to raise a nonfrivolous allegation that OSC took or failed to take a personnel action against her.[3] ID at 4.

<u>The administrative judge correctly found that the appellant failed to raise a nonfrivolous allegation that OSC took or failed to take a personnel action against her.</u>

"Personnel actions," for purposes of the Whistleblower Protection Enhancement Act, are defined as the following 12 actions: (i) an appointment; (ii) a promotion; (iii) an action under 5 U.S.C. chapter 75 or other disciplinary or corrective action; (iv) a detail, transfer, or reassignment; (v) a reinstatement; (vi) a restoration; (vii) a reemployment; (viii) a performance evaluation under 5 U.S.C. chapter 43; (ix) a decision concerning pay, benefits, or awards, or concerning education or training if the education or training may reasonably be expected to lead to an appointment, promotion, performance evaluation, or other action described in 5 U.S.C. § 2302(a)(2)(A); (x) a decision to order psychiatric testing or examination; (xi) the implementation or enforcement of any nondisclosure policy, form, or agreement; and (xii) any other significant change in duties, responsibilities, or working conditions. 5 U.S.C. § 2302(a)(2)(A).

The appellant asserts on review that she nonfrivolously alleged below that OSC "failed to take a personnel action for [her]" due to her protected disclosure. PFR File, Tab 1 at 1-2. In this regard, she contends that OSC "failed to use [its] authority to take a personnel action to have [her] disclosure investigated by the Agency, and require [it] to submit a written report surrounding [her] disclosure," and also failed to seek corrective or disciplinary action on her behalf through the Board. *Id.* at 2. She further claims that OSC's failure to act "led to continued harassment from Agency officials." *Id.* at 2-3.

_____

[3] We have reviewed the relevant legislation enacted during the pendency of this appeal and have concluded that it does not affect the outcome of the appeal.

The appellant essentially contends that OSC failed to take such alleged personnel actions as requiring the Army to investigate and issue a report on her claims and filing an appeal on her behalf seeking disciplinary action from the Board. Although an employee, like the appellant, need not work for the agency that has allegedly taken or failed to take a personnel action, *see Weed v. Social Security Administration*, 113 M.S.P.R. 221, ¶ 10 (2010), we nevertheless agree with the administrative judge that none of the above actions constituted personnel actions as enumerated at 5 U.S.C. § 2302(a)(2)(A). ID at 4-5.

The appellant's contention that OSC's failure to act led to continued harassment by the Army is raised for the first time on review. Because she has not alleged or shown that it is based on new and material evidence that, despite her due diligence, was not available before the record closed below, we need not consider it. *See Weed v. Social Security Administration*, 111 M.S.P.R. 450, ¶ 8 n.1 (2009), *aff'd*, 367 F. App'x 144 (Fed. Cir. 2010); 5 C.F.R. § 1201.115(d). In any event, although alleged harassment by the Army might constitute a personnel action if it rose to the level of a significant change in duties, responsibilities, or working conditions, the appellant has provided no legal support for her apparent contention that such harassment by the Army can be imputed to OSC. Moreover, her generalized assertion on review of harassment would be insufficient to raise a nonfrivolous allegation of a personnel action. *See Godfrey v. Department of the Air Force*, 45 M.S.P.R. 298, 302-03 (1990) (finding that jurisdiction over an IRA appeal requires more than generalized assertions unsupported by reference to any specific matter). We find that the Board otherwise has no authority to adjudicate the appellant's contention that OSC improperly failed to investigate her claims. *See Wren v. Merit Systems Protection Board*, 681 F.2d 867, 871-72 (D.C. Cir. 1982) (holding that the Board had no authority to enforce the statutory requirement that OSC investigate allegations of whistleblower reprisal). We therefore affirm the initial decision dismissing this appeal for lack of jurisdiction.

**NOTICE OF APPEAL RIGHTS**[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                    *Gina K. Grippando*
                                  _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.